IT IS ORDERED

Date Entered on Docket: June 28, 2021



_____
**The Honorable Robert H Jacobvitz**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEW MEXICO (ALBUQUERQUE)

IN RE:

Ivan W. Russell,
dba Albuquerque Professional Carpet Care,
aka Ivan Wallace Russell,
Robin L. Whiting-Russell,
dba Albuquerque Professional Carpet Care,
aka Robin Lee Whiting-Russell,
    Debtor(s).                            Case No. 21-10519-j7

**STIPULATED AND DEFAULT ORDER GRANTING CITIZENS BANK, N.A. FKA RBS CITIZENS, N.A. RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF PROPERTY LOCATED AT 10431 CHANDLER DRIVE NW, ALBUQUERQUE, NEW MEXICO 87114**

      This matter came before the Court on the Motion for Relief from Automatic Stay and Abandonment (Real Property) filed on May 11, 2021, Docket No. 16 (the "Motion") by Citizens Bank, N.A. fka RBS Citizens, N.A. ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

      (a)    On May 11, 2021, Movant served the Motion and a notice of the Motion (the "Notice") on counsel of record for the Debtor(s) and the case trustee (the "Trustee") by use of

the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor(s) by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the following property:

Lot numbered Eighty-eight-P-1 (88-P-1) of COTTONWOOD HILLS SUBDIVISION, Seven-Bar Ranch (A Replat of Tract A-2A-1 Seven-Bar Ranch), Albuquerque, New Mexico, as the same is shown and designated on the Plat of said Subdivision, filed in the Office of the County Clerk of Bernalillo County, New Mexico on July 1, 1999, in Plat Book 99C, folio 169

(the "Property").

(c) The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on June 4, 2021;

(f) The Debtor filed an objection on June 3, 2021, Docket No. 20, which objection has been resolved through entry of this order. As of June 24, 2021, neither the Trustee of any other party in interest, filed an objection to the Motion;

(g) The Motion is well taken and should be granted as provided herein; and

(h) By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies, under penalty of perjury that, on June 24, 2021 Krista Jones, Bankruptcy Legal Assistant searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor(s) is/are currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay, EFFECTIVE JULY 13, 2021:

   (a) To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor(s) is/are a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor(s) or the Property, or both, in any court of competent jurisdiction; and

   (b) To exercise any other right or remedy available to them under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Movant need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor(s), although the Debtor(s) can be named as a defendant in litigation to obtain an in rem judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

4. This Order does not waive Movant's claim against the estate for any deficiency owed by the Debtor(s) after any foreclosure sale or other disposition of the Property. Movant

may file an amended proof of claim this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtor(s) owe any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

XXX END OF ORDER XXX

Submitted by:

TIFFANY & BOSCO, P.A.

By: /S/ Karen H. Bradley
Karen H. Bradley
Attorney for Movant
P.O. Box 3509
Albuquerque, New Mexico 87190
Ph: (505) 248-2400   Fax: (505) 254-4722

APPROVED BY:

Approved via e-mail 6/24/2021
James Clay Hume
Hume Law Firm
Attorney for Debtors
PO Box 10627
Alameda, NM 87184-0627

Copies to:

Yvette J. Gonzales
Trustee
PO Box 1037
Placitas, NM  87043-1037

Ivan W. Russell, dba Albuquerque Professional Carpet Care, aka Ivan Wallace Russell,
Robin L. Whiting-Russell, dba Albuquerque Professional Carpet Care, aka Robin Lee Whiting-Russell
Debtors
PO Box 11623
Albuquerque, NM  87192-1623